UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

                                **MEMORANDUM OPINION AND ORDER**
                                Crim. No. 18-280 (02) (MJD)

Janet Elizabeth Lockwood,

    Defendant.
_____

    Thomas M. Hollenhorst, Assistant United States Attorney, Counsel for Plaintiff.

    Defendant, *Pro Se*.
_____

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

## I. Background

On January 29, 2019, Defendant pleaded guilty to Count 1 of the Indictment which charged Conspiracy to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine. On May 21, 2019, Defendant was sentenced to a term of imprisonment of sixty (60) months, followed by three years supervised release.

1

Defendant is scheduled to be released from custody of the Bureau of Prisons ("BOP") on July 28, 2023 and her home detention eligibility date is January 28, 2023. (Doc. No. 104 at 5.)

## II. Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The relevant policy statement in the United States Sentencing Guidelines concerning motions for compassionate release under 18 U.S.C. § 3582(c) provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>> **(1)(A)** Extraordinary and compelling reasons warrant the reduction;
>> * * *
>> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>> **(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13[1].

This policy statement further defines "extraordinary and compelling reasons" due to medical condition of the defendant as:

> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or

---

[1] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act. Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A). See e.g., United States v. Warren, ___ F. Supp.3d ___, 2020 WL 3634513, at *2-3 (D. Minn. Jan. 2, 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

> (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

The Applications Notes for this policy statement further provide that "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."[2] U.S.S.G. § 1B1.13, cmt. 1(D).

There is no dispute that Defendant has exhausted her administrative remedies. Accordingly, the Court will proceed to the merits of Defendant's motion.

Defendant is 61 years old and suffers from a number of medical and mental health issues. As set forth in the Presentence Investigation Report ("PSR") Defendant has been deemed medically disabled due to carpal tunnel and neuropathy/arthritis. (PSR at ¶ 49.) The PSR also reports that

---

[2] Subdivision B addresses defendants that are 65 years or older and subdivision C addresses "Family Circumstances."

4

Defendant has attempted suicide on multiple occasions due to traumatic events, such as the deaths of her mother and son and domestic violence. (Id. at ¶ 55.)  In December 2018, Defendant was diagnosed with Post Traumatic Stress Disorder and major depressive disorder.  (Id. at ¶ 58.)

Defendant also suffers from an unspecified heart condition, for which she takes medication, and reported shortness of breath as recent as January 14, 2021.  (Doc. No. 108-3 at 1.)  This fact is relevant to the current motion as Defendant tested positive for COVID-19 on December 10, 2020 and that she experienced dry cough, tiredness, headache and nasal congestion.  (Doc. No. 108-3 at 5.)   At this time, it is not clear whether Defendant could be reinfected.  The CDC reports that "[c]ases of reinfection with COVID-19 have been reported, but remain rare." https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (accessed on January 29, 2021).

The Court thus finds that Defendant's unique combination of extensive mental health issues, her multiple suicide attempts, her heart condition, her other physical ailments such as arthritis and carpal tunnel syndrome, and her age place her at special risk of mental and physical

harm from continued incarceration during the current pandemic. Defendant has thus demonstrated there are extraordinary and compelling circumstances warranting relief.

Further, the Court finds that early release from custody is supported by the factors set forth in 18 U.S.C. § 3553(a).  Defendant's release date is July 28, 2023, and she has served approximately 40% of her sentence. (Gov't Ex. 1 at 4.)   She has not incurred any disciplinary infractions during her term of incarceration.  In addition, at 61 years old, Defendant is unlikely to reoffend.  See  United States v. Tucker, 356 F. Supp.3d 808, 810 (S.D. Iowa 2019) (citing U.S. Sentencing Comm'n, The Effects of Aging on Recidivism Among Federal Offenders at 22 (2017), https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders).

Accordingly,

IT IS HEREBY ORDERED:

1. Defendant's Motion for Compassionate Release (Doc No. 103) is

    **GRANTED;**

2. Defendant's Sentence is reduced to TIME SERVED;

3. All other terms and conditions of this Court's original sentence shall remain in full force and effect;

4. This order is stayed for up to fourteen days, for the establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release.  Defendant shall be released as soon as a release plan is established, appropriate travel arrangements are made, and it is safe for Defendant to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; and

5.  In addition to the conditions of supervised release previously imposed, the Court orders the following additional condition:

    a. Defendant shall complete an immediate assessment or participate in a program for substance abuse as approved by the probation officer upon release or relapse during their term of supervised release. That program may include testing and inpatient or outpatient treatment, counseling, or a support group. Further, Defendant shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program, not to exceed the total cost of treatment.

Date: January 29, 2021

                                                  s/ Michael J. Davis
                                                  Michael J. Davis
                                                  United States District Court